IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HARTFORD LLOYD'S INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-056 |
| JAMES AND CAROL YARBROUGH, | § § § | |
| Defendants. | § | |

## **ORDER**

This is an insurance dispute arising out of mold damage caused at the residence of James and Carol Yarbrough ("Defendants"). Now before the Court are competing Motions for Summary Judgment. In analyzing said Motions, the Court noticed the similarity between this case and another case recently before the Court, *Wiliamson v. Hartford Lloyd's Insurance Company*, CA-G-05-284. The *Wiliamson* case has been abated by the Court pending a decision of the Texas Supreme Court on a question certified by the Fifth Circuit. The certified question is as follows:

> Does the ensuing loss provision contained in Section I-Exclusions, part I(f) of the Homeowners Form B (HO-B) insurance policy as prescribed by the Texas Department of Insurance effective July 8, 1992 (revised January 1, 1996), when read in conjunction with the remainder of the policy, provide for coverage for mold contamination caused by water damage that is otherwise covered under the policy?

*Fiess v. State Farm Lloyds*, 392 F.3d 802, 811-12 (5th Cir. 2004). The Texas Supreme Court accepted the certified question, and oral arguments occurred on March 30, 2005. The Court's initial examination of this case is that it is very similar to the *Wiliamson* case and also dependent on the Texas Supreme Court's imminent decision. Given that, it is the Court's present inclination to abate this case as well. While this would seem to be the most efficient manner of proceeding, the Court

desires the input of counsel on this issue. Therefore, the Court **ORDERS** that the Parties file relevant briefing with the Court stating whether the outcome in the *Fiess* case is indeed relevant to the analysis of this case, and whether the Parties support or oppose an abatement of this case. Said briefing must be filed within five business days of the date of this Order.

**IT IS SO ORDERED**.

**DONE** this 1st day of May, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge